UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOY SISKIND,

                      Plaintiff,

                      14 Civ. 1744 (GHW)

           vs.                      **FIRST AMENDED COMPLAINT**

THE CITY OF NEW YORK, NYPD OFFICER
DIONNE DORIS (Shield #30700), NYPD OFFICER
DANIEL KOSKI (Tax ID #949179), NYPD OFFICERS
"JOHN/JANE DOES ## 2-10",

                      Defendants.
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff while doing nothing more than leaving an establishment in a taxi cab with two friends was deprived of her constitutional and common law rights when the individual defendants unlawfully and unjustifiably assaulted, battered, detained, arrested and maliciously prosecuted plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

1

The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

5. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

6. Plaintiff Joy Siskind currently and at all times relevant was a resident of the county of New York, state of New York, and a citizen of the United States.

7. NYPD Officer Dionne Doris (shield #30700) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, December 13, 2012, she was assigned to the 6th Precinct in New York County. Defendant Doris is being sued herein in her individual capacity.

8. NYPD Officer Daniel Koski (tax ID #949179), is and was at all times relevant herein an officer, employee, and agent of the NYPD. On the date of the incident, December 13, 2012, he was assigned to the 6th precinct within the confines of New York County. Defendant Koski is being sued herein in his individual capacity.

3. The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

5. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

6. Plaintiff Joy Siskind currently and at all times relevant was a resident of the county of New York, state of New York, and a citizen of the United States.

7. NYPD Officer Dionne Doris (shield #30700) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, December 13, 2012, she was assigned to the 6th Precinct in New York County. Defendant Doris is being sued herein in her individual capacity.

8. NYPD Officer Daniel Koski (tax ID #949179), is and was at all times relevant herein an officer, employee, and agent of the NYPD. On the date of the incident, December 13, 2012, he was assigned to the 6th precinct within the confines of New York County. Defendant Koski is being sued herein in his individual capacity.

9. NYPD Officers John/Jane Does ## 2-10, whose actual names and shield numbers plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are being sued herein by the fictitious designation "John/Jane Doe," were at all times relevant herein officers, employees, and agents of the NYPD. On the date of the incident, December 13, 2012, they were assigned to precincts within the confines of New York County. Defendants John/Jane Does ## 2-10 are being sued herein in their individual capacities.

10. At all times relevant herein, Defendants Doris, Koski, John/Jane Does ## 2-10 ("Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

11. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks

attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

12. At approximately 3:50 a.m. on December 13, 2012 in the vicinity of 859 Washington Street in the County and State of New York, Ms. Siskind and two friends, Shontay DeBerry and David Lopez, were in a taxi cab about to leave the location when Defendants Doris and Koski drove up in a police car, pulled Mr. Lopez out of the taxi, slammed him on the trunk and handcuffed him.

13. Surprised, Ms. Siskind got out of the taxi and asked the officers why they were arresting Mr. Lopez. In no way did Ms. Siskind physically intervene in Defendants' arrest of Mr. Lopez. She merely made a verbal request for information from the officers. However, Defendants Doris and Koski refused to give Ms. Siskind any information. When Ms. Siskind repeated her question, Defendant Doris threatened to arrest her if she did not stop asking questions. Taken aback by this blatantly unlawful threat, and knowing that she had not committed any crime or offense to justify being arrested, Ms. Siskind asked Defendant Doris what she would be arrested for.

14. Defendant Doris yelled at Ms. Siskind to "shut the fuck up," then forcefully grabbed Ms. Siskind, turned her around, and handcuffed her behind her back.

15. In shock, Ms. Siskind asked Defendant Doris why she was being arrested when she had done nothing wrong. Defendant Doris again refused to give Ms. Siskind any information and told her to "shut the fuck up."

16. While Ms. Siskind was still handcuffed behind her back, Defendants Koski and Doris grabbed Ms. Siskind by the arms and began dragging her, causing her to lose balance. Seeing that Ms. Siskind was off balance, Defendant Koski let go of his hold on Ms. Siskind while Defendant Doris pushed her from behind, causing Ms. Siskind to fall face first onto the ground.

17. Defendant Doris then grabbed Ms. Siskind's left upper arm -- lifting her left side off the ground -- and with great force, punched Ms. Siskind repeatedly on the left side of her face, then threw her back down on the ground. While Defendant Doris was punching Ms. Siskind, Defendant Koski did nothing to intervene, prevent, or stop Defendant Doris' unlawful actions.

18. Defendants John/Jane Does ##2-10 were present while Defendants Doris and Koski were committing the above acts but did nothing to intervene, prevent, or stop them from unjustifiably arresting and assailing Ms. Siskind.

19. Defendants brought Ms. Siskind to the 6th precinct where she was fingerprinted, photographed, processed, and eventually taken to Central Booking. Later that evening, she was arraigned on charges of assault in the second degree, obstructing government administration in the second degree, resisting arrest, and disorderly conduct in New York County Criminal Court. The arraignment judge ordered Ms. Siskind to be released on her own recognizance.

20. After her release, Ms. Siskind went to Bellevue Hospital where she was treated for injuries to her jaw, wrist, and face, and incurred a bill of several thousand dollars. Her injuries are ongoing.

5

21. At no time did Ms. Siskind commit the offenses alleged by Defendants.

22. There was no basis for the arrest, detention, and prosecution of Ms. Siskind.

23. As a result of her arrest and prosecution, Ms. Siskind was required to appear in court, suffer the humiliation and loss of reputation from being a criminal defendant, and the emotional and mental anguish of facing criminal charges and a possible jail sentence.

24. As a result of Defendants Doris's and Koski's false accusations, the Manhattan District Attorney's Office presented the case to a Grand Jury. Upon information and belief, Defendants Doris and Koski testified falsely before the Grand Jury in order to bring malicious charges against Ms. Siskind.

25. A Grand Jury heard Defendants' testimony, as well as Ms. Siskind's testimony, and voted a No True Bill, dismissing all charges against Ms. Siskind on March 5, 2013.

26. The false arrest, false imprisonment, assault and battery, and malicious prosecution of Ms. Siskind by Defendants caused Ms. Siskind to sustain injuries including but not limited to physical and emotional pain and suffering that are ongoing, anxiety, humiliation, loss of liberty, loss of reputation, and medical expenses.

27. Plaintiff timely filed a written notice of claim with the Comptroller's Office at 1 Centre Street, New York, New York. At least thirty days have elapsed since the filing of such notice and adjustment and/or payment has been neglected and/or refused.

28. This action has been commenced within one year and ninety days after the events upon which the claims are based.

## FIRST CAUSE OF ACTION
### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights
### Against All Defendants

29. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

30. Defendants, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's rights to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

31. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.

32. Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983/Fourth Amendment

33. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

34. The use of excessive force by Defendants Doris and Koski in grabbing, pushing, throwing, and punching plaintiff was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

7

35. The failure of Defendants John/Jane Does ##2-10, who had a duty to intervene, prevent, and stop Defendants Doris and Koski from unjustifiably grabbing, pushing, throwing, and punching plaintiff, was also objectively unreasonable in violation of her rights under the Fourth Amendment to the United States Constitution.

### THIRD CLAIM FOR RELIEF
#### Assault

36. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

37. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act/s caused apprehension of such contact in the plaintiff.

38. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

39. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CAUSE OF ACTION
#### Battery

40. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

8

41. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner forcibly touched plaintiff without plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

42. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

43. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION
### False Arrest

44. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

45. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

46. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

9

47. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

48. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

49. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the Individual Defendants who were unfit for the performance of police duties on February 20, 2009, at the aforementioned location.

50. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION
### Malicious Prosecution

51. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

52. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth and Fourteenth Amendment to the United States Constitution. Defendants initiated and continued criminal proceedings against plaintiffs.

53. The proceedings terminated in plaintiff's favor.

54. There was no probable cause for the commencement or the continuation of the criminal proceedings.

10

55. The defendants acted with actual malice.

56. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

57. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth and Fourteenth Amendment of the United States Constitution this Court has jurisdiction to hear this federally based claim.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiffs as a result of the events alleged herein.

2. Punitive damages against the Individual Defendants in an amount to be determined at trial.

3. For pre-judgment interest as allowed by law.

4. An order awarding plaintiff reasonable attorneys' fees, pursuant to 42 U.S.C. §1988, together with the costs of this action.

5. Such other further relief as the Court may deem appropriate.

Dated: December 23, 2014
      New York, New York

                                        ROMANO & KUAN, PLLC

                                        Julia P. Kuan (JK 3822)
                                        100 Lafayette Street, Suite 401
                                        New York, New York 10013
                                        (212) 274-0777

                                        *Attorneys for Plaintiff*